IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| XEROX CORPORATION | * | |
|     Plaintiff, | * | |
|     v. | * | Civil Action No. 8:21-cv-1058-PX |
| KIDD INTERNATIONAL HOME CARE, INC. | * | |
| | * | |
|     Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Xerox Corporation ("Xerox") alleges breach of contract, unjust enrichment, and quantum meruit against Defendant Kidd International Home Care, Inc. ("Kidd International Home Care" or "Defendant"). ECF No. 1. Pending are two preliminary motions unrelated to the merits of these claims. First, Xerox has filed a motion for the clerk's entry of default. ECF No. 7. Second, Defendant has filed a motion to dismiss the Complaint because process was insufficiently served. ECF No. 8. Both motions are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court DENIES the motion to dismiss and DENIES as moot the motion for clerk's entry of default.

**I.     Background**

In late 2016 and early 2017, Xerox and Kidd International Home Care entered into a lease agreement whereby Xerox would supply copiers, equipment, supplies, and maintenance for an agreed-upon fee. *See* ECF No. 1 ¶ 4. "Mikeyla Kidd" signed the lease agreement with Xerox as CFO of Kidd International Home Care, which authorized installation of leased Xerox equipment at Defendant's offices in Capitol Heights, Maryland. ECF No. 1-3 at 4. However, per the agreement, Defendant's corporate offices and billing address was listed as 6856 Eastern

Avenue, NW, Washington, D.C. 20012 ("the Eastern Avenue address").  ECF Nos. 1-1, 1-2, 1-3.

On April 30, 2021, Xerox brought this suit, and on May 4, 2021 filed proof of service with the Court.  *See* ECF No. 6.  The proof of service confirms that the process server left the summons at the Eastern Avenue address with an individual present, Lisa Monroe.  *Id.*  Monroe, however, attests that she is employed with "Kidd International Data Processing" at the service address, and that this corporation is a "different and distinct entity from" Defendant Kidd International Home Care, Inc.  ECF No. 8-1 ¶ 4.  Still, Monroe "agreed to receive the documents with the intent of dropping them [off]" at Defendant's nearby Takoma Park office and ultimately did deliver the documents to that office location.  ECF No. 8-1 ¶¶ 5, 9.  Mikeyla Kidd is the registered agent both for Defendant and Kidd International Data Processing, Inc.  *See* ECF Nos. 11-2, 11-4.  Ms. Kidd thereafter personally acknowledged to counsel for Xerox that she had received the Complaint.  *See* ECF No. 11-3.

Despite this, Defendant failed to respond or otherwise answer the Complaint.  Xerox, in turn, moved for the clerk's entry of default.  *See* ECF No. 7.  Defendant next opposed the entry of default and separately moved to dismiss the Complaint for insufficient service of process.  *See* ECF Nos. 8, 9.  Because the Court denies Defendant's motion to dismiss, it likewise denies Xerox's motion for clerk's entry of default as moot.

**II.    Analysis**

For motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(5), "the plaintiff bears the burden of establishing the validity of service."  *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).  At the pleading stage, courts generally "focus their inquiry on the sufficiency of the facts relied upon by plaintiffs in the complaint."  *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (citing *Am. Chripractic Ass'n v.*

*Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)).  But courts may consider documents attached to a motion that are "integral to and explicitly relied on in the complaint."  *Id.* at 606–07 (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).  Courts also may "consider facts and documents subject to judicial notice."  *Id.* at 607; *see also* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute.").

Pursuant to Rule 4(h) of the Federal Rule of Civil Procedure, service may be effected on a corporation in the same manner as serving an individual pursuant to Rule 4(e)(1).  Rule 4(e)(1) further provides that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(e)(1).  Maryland law permits service on a corporation through "its resident agent, president, secretary, or treasurer" by "delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it."  *See* Md. R. 2-124; Md. R. 2-121; *see also* Md. Code Ann., Cts. & Jud. Proc. § 6-301 (permitting service of process in any manner described in the Maryland Rules).

Defendant argues that Ms. Kidd, as the resident agent, had not been personally served by leaving the Complaint and summons at the Eastern Avenue address with Monroe.  But there is no doubt that Ms. Kidd received documents.  Xerox served the Complaint and summons at the corporate offices that were listed not only on the lease agreement but specifically identified as Defendant's billing address.  See ECF Nos. 1-1, 1-2, 1-3.  Moreover, Ms. Monroe received the documents and delivered them to the Defendant's corporate address.  ECF No. 8-1 ¶ 9.  Last, Ms. Kidd acknowledged to counsel for Xerox that she had received the Complaint.  ECF No. 11-3.  Because Defendant, through its resident agent, received actual notice of suit, the Court will not dismiss the action.  *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th

Cir. 1984); *see also Maid to Perfection Global, Inc. v. Ensor*, No. RDB-09-0958, 2010 WL 1254194, at *3 (D. Md. Mar. 29, 2010); *Curtis v. Md. Env't Serv.*, RDB-17-2728, 2018 WL 1394020, at *2 (D. Md. Mar. 19, 2018); *Alston v. Fed. Nat'l Mortg. Ass'n*, *Seterus, Inc.*, TDC-17-2938, 2018 WL 2938909 (D. Md. June 12, 2018) (all declining to invalidate service when defendant had actual notice of pending suit).[1]

Nor does the Court credit Defendant's representation that leaving the Complaint and summons with Monroe is tantamount to serving "a corporation separate and distinct from the named corporate defendant." *See* ECF No. 8 ¶ 6. Indeed, Ms. Kidd is the resident agent for both Defendant and Kidd International Data Processing, Inc. *See* ECF Nos. 11-2, 11-4. Ms. Kidd also conceded that she was aware of the lawsuit's existence when she emailed Xerox's counsel, thus begging the question of how functionally "separate" these entities really are. ECF No. 11-3. Thus, any such assertions that service in this case did not reach Kidd because the corporate entities are "distinct" is belied by the record. This case will proceed on the merits. *See U.S. v. Schaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993 ("Mindful of the strong policy that cases be decided on the merits . . . a court must . . . exercise its inherent power to dismiss with restraint . . .").

As for Xerox's request for Clerk's entry of default under Rule 55(a), the Court denies the motion as moot. Clearly, Defendant has retained counsel and has participated in this litigation through filing motions. Thus, any delay in Defendant's participation in the litigation has been obviated. Defendant shall Answer or otherwise respond to the Complaint within fourteen days

---

[1] The Court retains broad discretion in deciding whether to find service sufficient, even if in the face of technical service defects. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citing *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008)).

from the date of this Opinion.

      A separate Order follows.

October 7, 2021                                         /s/
Date                                                   Paula Xinis
                                                          United States District Judge